## STATE ex FULTON v COLE

Ohio Appeals, 9th Dist, Summit Co

No 2312. Decided March 15, 1933

John W. Bricker, Attorney General, Columbus, and C. Blake McDowell, Special Counsel, Akron, for plaintiff in error.

Gottwald, Breiding, Hershey & Hinton, Akron, for defendant in error.

FUNK, J.

The principal question at issue is whether or not the superintendent of banks can maintain such an action against stockholders unless and until he has made a formal record in his department of his determination that, in order to pay the debts and liabilities of such bank, it is necessary to enforce the individual liability of the stockholders.

It is conceded that in the instant case the superintendent of banks made no formal record of his determination of the necessity of enforcing the individual liability of said stockholders.

Counsel for Cole contend that there must be a *formal record of such determination* by the superintendent of banks in his department before he can maintain this action. Counsel for the superintendent of banks contend that such determination is not necessary.

It was upon the theory that it was "necessary for the banking department to have made some formal record of their determination that the double liability should be enforced" that the court directed a verdict.

**Sec 3 of Art. XIII of the Constitution of Ohio** designates in what corporations stockholders have the double liability. That part of said section provides that "stockholders of corporations authorized to receive money on deposit shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such corporations, to the extent of the amount of their stock therein, at the par value thereof, in addition to the amount invested in such shares."

**Sec 154-39 GC**, in Chapter 1-A of the Administrative Code, creates "a division of banks" in the department of commerce, and further provides that "The division of banks shall be administered by a superintendent of banks, who shall be appointed by the governor by and with the advice and the

consent of the Senate, and hold his office for a term of two years, unless sooner removed at the will of the governor."

**Secs 710-1** to **710-189, GC,** inclusive, provide for the regulation of banks and the machinery for the liquidation of banks and the enforcement of the individual liability of stockholders in banks by the superintendent of banks, and are commonly referred to as the Banking Code.

**Sec 710-6 GC,** in said Banking Code, contains provisions similar to those above-quoted from **§154-39 GC,** and further provides that "The superintendent of banks shall execute the laws in relation to banks."

Said **§154-39 GC,** in said Chapter 1-A of the Administrative Code, also provides that "All provisions of law governing the superintendent of banks herein provided for," and that "The director of commerce shall not impose upon the division of banks any functions other than those specified in this paragraph, nor transfer from such division any of such functions."

It is thus clear that, while the regulation and control of banks are placed in a division under the department of commerce, such regulation and control are under the supervision of the superintendent of banks, and that he is the executive officer in charge and control of banks and of their liquidation when he deems it necessary.

**Sec 710-95 GC,** in said Banking Code, fixes the powers and duties of the superintendent of banks after he has taken possession of the property and business of a bank for the purpose of liquidation, and provides, among other things, that he "may, if necessary to pay the debts of such bank, enforce the individual liability of the stockholders."

**Sec 710-75 GC,** in said Banking Code, contains certain provisions concerning the individual liability of stockholders generally and the liability of those whose stock is transferred within a fixed time before the failure of such bank to meet its obligations, and further provides that—

"At any time after taking possession of a bank for the purpose of liquidation when the superintendent of banks ascertains that the assets of such bank will be insufficient to pay its debts and liabilities he may enforce the individual liability of the stockholders."

It will be observed that said **§710-95 GC** of the Banking Code gives the superintendent the power to enforce the individual liability, and that said **§710-75 GC** provides when he may enforce it, which is—"At any time after taking possession," etc., "when" he "ascertains"—that is, when he finds out by investigation—"that the assets of such bank will be insufficient to pay its debts and liabilities." He is not even required, as a condition precedent to enforcing such liability, to first liquidate the assets of such bank to a reasonable extent.

The Banking Code provides when and how the superintendent of banks may take possession of a bank and what he shall do after taking possession of a bank by way of giving notice to interested persons, making inventory and reports and filing copies with certain state and county officials and collecting all debts due the bank, and also provides that he must do certain things by and with the consent of the Common Pleas Court relative to the conversion of certain assets into money, but nowhere in the chapter on banking or in the Administrative Code creating the various departments, including the department of commerce and the division of banks under such department, do we find any provision requiring the superintendent of banks to take any official action relative to the necessity of enforcing the individual liability of stockholders.

It will be noted that the question at issue is not whether an order was made or whether it was made by the proper person, but only whether there must be a formal record in the division of banks showing that the superintendent ascertained that it was necessary to enforce the double liability of stockholders. While it might be highly proper to make such a record, the question is, Is it a condition precedent to the commencement of an action to enforce such liability?

The language used in the statutes (**§§710-75** and **710-95, GC**) authorizing the superintendent to enforce the double liability of stockholders, does not seem to contemplate an official determination of the necessity of its enforcement, but as stated above, it merely provides that whenever the superintendent discovers or learns by such investigation as he is required to make in liquidating a particular bank, that the assets of such bank will be insufficient to pay its debts and liabilities, he may proceed to enforce such liability.

Furthermore, while the constitution fixes the limit of the individual liability of the stockholder, and the statute clothes the superintendent of banks with power to enforce it whenever it is necessary to do so to pay the debts of such bank after he has

taken possession of the property and business of the bank, it does not provide any way in which he may enforce such liability. Consequently, if the stockholder does not voluntarily pay his individual liability on receiving notice and demand therefor from the superintendent, the only means the superintendent has of enforcing such liability is by suit under the general statutes for enforcing payment, and the statute provides that he can do that only when it is necessary to pay the debts of such bank. To do so by suit, he must commence an action by filing a petition, in which he must state a cause of action by making proper allegations showing such necessity, to which the stockholder may plead and set up any defense he may deem proper, including the lack of the necessity of enforcing all or a particular percentage of the liability.

Our Supreme Court, in the case of **Snider v United Banking & Trust Co., 124 Oh St 375,** has definitely determined that said **§§710-75** and **710-95 GC** "are regulatory and procedural and neither augment nor diminish the constitutional rights of creditors"; that "The right of the superintendent of banks to enforce such individual liability only applies where he has taken charge of the property and business of the corporation for the purposes of liquidation" and that except for the statutory provisions of the Banking Code, no one except a creditor could maintain the suit, because of not being a party in interest; and that under the provisions of the Banking Code the right of the superintendent of banks to enforce such liability has not been made exclusive. Hence, when a bank is being liquidated in some manner other than under the Banking Code and the payment of its debts and liabilities has not been otherwise provided for, a creditor may enforce such liability.

We do not believe it can be successfully contended that, in a suit by a creditor against a stockholder to enforce such liability, the stockholder could not defend upon the ground that there were assets of the bank sufficient to pay its debts, and we see no reason why he has not such right if the suit is by the superintendent of banks.

Moreover, counsel for defendant not only concede but contend that any ascertainment or determination of the necessity of enforcing such liability by the superintendent is not conclusive and binding upon the stockholder, and that he may demand proof of such necessity at the trial. It seems clear that if the ascertainment of the necessity of enforcing the stockholders' double liability is not conclusive and binding upon the stockhoder, but that upon the trial the superintendent is required to prove the allegations of his petition by proper evidence, there is no need for a requirement that he enter upon any record in his department an ascertainment or determination of the necessity of enforcing such liability, as it would seem that the suit itself, with service of summons and the opportunity of defending, furnishes ample record for the protection alike of the stockholder and the creditor, and that such record of the ascertainment or determination by the superintendent of banks of such necessity would in no wise affect their ultimate rights.

We therefore find that the ascertainment by the superintendent of banks that it is necessary to enforce the stockholders' individual liability, is not, under our statutes, an official act, a formal record of which is required to be made and kept by him in the division of banks before he can proceed to enforce such liability.

We should say further that there is some claim that the evidence offered by the superintendent of banks was not sufficient to sustain the allegation of the necessity of enforcing the full amount of the individual liability of the stockholders.

While the evidence offered was not as satisfactory as it might have been or the kind of evidence that might have been offered to show that the assets and liabilities of the bank were such as to make it necessary to enforce the individual liability of the stockholders, we do find that there is enough evidence in the record to make at least a prima facie case of the necessity of enforcing such liability of the stockholders, and therefore the court could not properly direct a verdict in favor of defendant for lack of such proof.

*Judgment reversed for error in directing* a verdict for defendant, and the cause remanded.

WASHBURN, PJ, concurs.
STEVENS, J, not participating.