# FELDMAN v STANDARD TRUST BANK OF CLEVELAND et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12787.   Decided May 29, 1933

Baruch A. Feldman, Cleveland, for plaintiff in error.

John A. Bricker, Attorney General, Columbus, M. P. Mooney, Special Counsel, Cleveland, and Stanley, Horwitz and Kiefer, Cleveland, for defendants in error.

JUDGES RICHARDS, WILLIAMS and LLOYD, (6th Dist) sitting.

## OPINION

By RICHARDS, J.

**Article 13, §3 of the Ohio Constitution,** as amended in 1912, makes stockholders of corporations authorized to receive money on deposit individually responsible equally and ratably and not one for another, for the contracts of the bank to the amount of their stock therein, and a similar statutory provision exists in the General Code of Ohio, §710-75 GC, which is a part of the present banking code of the State, and this liability is imposed upon the stockholders of a bank for the benefit of the creditors of the bank. The general banking act contemplates that the state superintendent of banks, when he takes possession of the bank by reason of its insolvency, shall use all means which may be necessary or proper for the purpose of collecting all of the assets of the bank and distributing the same among the creditors according to their respective rights. The act provides a complete and comprehensive scheme for the purpose of liquidating insolvent banks and among the duties imposed upon the superintendent of banks is that of enforcing the double liability of stockholders when he shall have ascertained that the assets of the bank will be insufficient to pay its liabilities. That duty is imposed in the concluding portion of the

section just cited, namely, §710-75 GC, and is in the following language:

"At any time after taking possession of a bank for the purpose of liquidation when the superintendent of banks ascertains that the assets of such bank will be insufficient to pay its debts and liabilities, he may enforce the individual liability of the stockholders."

Similar provision is made in §710-95 GC.

As was said by the Supreme Court in **Andrews v State ex, 124 Oh St, 348,** the double liability is enforceable by legal proceedings at the suit of the superintendent of banks but only after liquidation has been determined upon, and only for the benefit of creditors. See also **Snider v United Banking and Trust Company, 124 Oh St, 375.**

In view of the comprehensive plan for liquidating state banks provided by the general banking act and the wide powers bestowed upon the state superintendent of banks, it seems apparent that the primary duty of enforcing double liability is vested in that official. While no statute, at the time the action was brought, gave the state superintendent of banks the exclusive right to enforce the individual liability of stockholders, that exclusive right must necessarily be implied where he is proceeding in good faith in the liquidation of the affairs of the bank. It could not have been within the contemplation of the legislature that there should be a double administration and liquidation, one by the superintendent of banks and another by a receiver appointed in an action brought by a creditor or stockholder to enforce double liability. The superintendent himself can not bring the action until he has first ascertained that the assets of the bank will be insufficient to pay its debts and liabilities. If the present action could be maintained, brought as it was on the same day that the superintendent of banks took possession and before any opportunity existed to ascertain the financial condition of the bank, then in any case any creditor or stockholder could maintain such action and the whole plan and scope of the banking act would be nullified. True, no explicit language existed in any statute giving that official exclusive authority, but is not that right necessarily implied by the language of the banking act? When the·superintendent of banks is in good faith proceeding with the liquidation of the affairs of a bank, the situation is quite similar to that existing in **State ex Bettman v Court of Common Pleas, 124 Oh St, 269,** where it was held that the method prescribed by the legislature in case of the liquidation of building and loan companies was specific, adequate, complete and exclusive, and that no authority existed to appoint a receiver to perform such functions. While the statute relating to the powers of the superintendent of banks provides that he **may** enforce individual liability, it is nevertheless true that when his investigations determine the necessity of such action the duty rests upon him to take appropriate proceedings for that purpose as circumstances may require.

The Court of Appeals of Cuyahoga County in **State ex v Melaragno et, 31 OLR, 627,** had the question before it and resolved it in favor of the superintendent of banks. The question was before the Court of Appeals in New York, and after full consideration that court determined under provisions similar to the ones existing in Ohio that the statutory power of the superintendent of banks impliedly precludes a stockholder or creditor from instituting an action on behalf of the bank until he shows he is injured by the superintendent's failure to remedy the alleged wrong. Isaac v Marcus et, 258 N. Y., 257, 179 NE, 487. It is true that the action in that case, which was brought by a stockholder of the Bank of the United States, was to compel directors of the bank to account for alleged wrongful acts, but the situation as to the implied exclusive power of the superintendent of banks was the same as in the case at bar. In the course of the opinion the court used the following language:

"It is evident that when the legislature vested in the superintendent of banks authority to institute and maintain against the corporate directors, 'any action or proceeding which is vested in such corporation or in the stockholders or creditors thereof', it intended that the superintendent of banks should have the duty to bring such an action whenever in his opinion it would be to the advantage of the corporation. No less evident is the legislative intention that he should not be hampered in the exercise of that power and the performance of his duty by hasty or ill-considered action on the part of any stockholder."

Counsel for plaintiff rely largely on the case of Geiser v Buck, 179 NE, 1, a case arising in Indiana, but it is manifest that the statutory provisions in Indiana are not similar to the ones existing in Ohio. The

provisions of the Indiana statute authorize an action by "any receiver or trustee in bankruptcy or in assignment under the insolvency laws." §3965, Burns Annotated Indiana Statutes, merely provided that upon discovery of insolvency of a bank the bank commissioner shall make application for the appointment of a receiver for such bank.

Since the present action was instituted, the legislature of Ohio has by explicit provision given the superintendent of banks exclusive authority to bring and maintain such an action, but that statute only removes any possible doubt that may have existed as to the implied exclusive authority theretofore existing. The enactment of that statute naturally raises the question of the right of this plaintiff to bring into this action the remaining stockholders. That question is not, however, before this court.

Judgment affirmed.

WILLIAMS and LLOYD, JJ, concur.