### SQUIRE v OERTER

Ohio Probate Court, Tuscarawas Co

Decided Aug 31, 1937

Seikel, Seikel & Seikel, Dover and H. O. Ziegler, Cleveland, for S. H. Squire.

H. H. Hostetler, Dover, for L. H. Oerter.

Leroy McGregor, New Philadelphia, for Clara Vinton Wentz.

## OPINION

By LAMNECK, J.

On March 30, 1937, the superintendent of banks of the state of Ohio filed an application in this court under the provisions of §10509-134, GC asking the court for permission to reinstate a claim which the said superintendent of banks as liquidator of The Union Trust Company of Cleveland, Ohio, was alleged to hold against the estate of Plin Vinton, deceased, by reason of superadded liability on 1,179 shares of stock of which the decedent was alleged to be the real owner. Said Plin Vinton died on August 5, 1934, and his estate is now being administered in this court.

On May 8, 1937, the court reinstated said claim and ordered the executor to pay the same as a general claim against said estate in the sum of $29,475 together with interest at the rate of 6% per annum from July 30, 1934, the date the state superintendent of banks made his assessment for super-added liability against the stockholders of said bank. (9 **Ohio Opinions** 4).

On August 28, 1937, Clara Vinton Wentz, one of the legatees and devisees under the will of said decedent, filed an application in this court asking the court to modify its order of May 8, 1937 by striking out the allowance of interest against said estate prior to the date of the entry of said order, it being contended that said claim bears interest only from the date the claim was allowed.

**Sec 3 of Article XIII of the Constitution of Ohio**, before the amendment of July 1, 1937, reads in part as follows:

"Stockholders of corporations authorized to receive money on deposit shall be held individually responsible, equally and ratably, and not one for another, for all contracts, debts and engagements of such corporations, to the extent of the amount of their stock therein, at the par value thereof."

**Sec 710-75, GC**, reads in part as follows:

"At any time after taking possession of a bank for the purpose of liquidation when the superintendent of banks ascertains that the assets of such bank will be insufficient to pay its debts and liabilities, he may enforce the individual liability of the stockholders."

**Sec 710-95, Sub-section 9, GC**, reads as follows:

"If he ascertains that the assets of such bank will be insufficient to pay its debts and liabilities to enforce the individual liability of each shareholder thereof as provided in §710-75, GC."

There is no mention in either the Constitution or in the provisions of any section of the General Code, of interest on the super-added liability of stockholders in a bank, and it appears that the question has never been definitely decided in a reported opinion of any court of record in this state.

In the case of Kirschler v Wainwright, 255 Pa. 525, 100 Atl. 484, it was held that interest is chargeable on the statutory super-added liability of a stockholder for debts of a corporation from the date the assessment is made. In that case, the assessment was made by a court, which authorized and directed a receiver to assess

the statutory super-added liability against the stockholders of a bank and to collect the same. In that case interest was collected from the time the receiver made the assessment.

In the case of Mahoney v Bernhard, 63 N. Y. Sup. 642, in which the receiver of an insolvent bank brought an action to collect super-added liability, the court held that it was erroneous to collect interest from the commencement of the action and that interest could be collected only from the date of the judgment.

In **Volume 23 of Ohio Jurisprudence, at page 30**, we find this statement:

"While ordinarily interest is due on money owed either at or before demand, in some cases it will only be computed from the institution of a suit therefor. Thus, in cases in which the liability of the stockholders of a bank is known, before the suit is brought, to be equal to the face value of the suit, interest will be allowed from the time of the institution of the suit."

This comment is evidently based on the decision of **Mason v Alexander, 44 Oh St 318, 7 NE 435**, in which it was held, in §3 of the syllabus, that interest may be charged from the beginning of the suit, although the amount of recovery may thereby exceed the stockholder's original liability.

In Wehrman v Reikart, 1 C. S. 230, it was held that the individual liability of a stockholder should bear interest only from the commencement of the suit.

In both of these cases the suit was instituted by a judgment creditor on behalf of himself and all other creditors to enforce the statutory individual liability of the stockholders to the creditors. These cases are therefore not exactly in point due to the fact that §710-75, **GC** places the duty of collecting super-added liability on the superintendent of banks, and under the decision of our Supreme Court in the case of **Snider v Bank, 124 Oh St 375, 178 NE 840**, he cannot bring such action until after he has taken over a bank for liquidation. A creditor cannot enforce the payment of such super-added liability unless the superintendent of banks is derelict in his duties in enforcing such obligation. (**Feldman v Bank, 46 Oh Ap 67, 187 NE 743) (15 Abs 1).**

It has been held by the Supreme Court of this state, in the case of **Carr v Bank, 112 Oh St 219, 147 NE 641,** that interest is "the compensation allowed by law, or fixed by the parties for the use or forbearance of money, or as damages for its detention."

Interest is purely of statutory origin and is not a creature of common law. Therefore, no interest could be collected on this claim unless interest is authorized to be collected by some provision of the General Code. The court is of the opinion that this claim comes within the provisions of **§8305, GC,** which reads as follows:

"In cases other than those provided for in the next two preceding sections, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account or settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees. and orders of any judicial tribunal for the payment of money arising out of a contract, or other transaction. the creditor shall be entitled to interest at the rate of six per cent per annum, and no more."

The reason that it comes under the provisions of this section is due to the fact that when a stockholder subscribes for stock in a bank, he places himself under liability by contract, and interest thereon accrues from the maturing of the obligation. (**Baumgardner v State ex Fulton, 48 Oh Ap 5, 1 O.O. 50, 192 NE 349) (16 Abs 671).**

The Supreme Court of Ohio in the case of **Andrews v Blair, 124 Oh St 348, 178 NE 581,** has held that the "liability of stockholders of an insolvent bank in process of liquidation creates a trust fund for the purpose of paying the debts of a corporation to be paid pro rata among creditors."

The court does not think that it was the intention to classify the liability as a trust fund until after its collection and that the use of the words "trust fund" has nothing to do with the nature of the obligation of the owner of the stock before it has been collected.

In **Trustee v State, 50 Oh Ap 51, 3 O.O. 436 (18 Abs 487),** at page 73, the court made this observation:

"The stockholders are the owners of a bank and they are charged under the law with the knowledge of their double liability. To this extent they occupy the position of debtor, and the depositors hold that of creditors."

In the case of Wehrman v Reikart, supra, Judge Taft implies, on page 239, that "the superadded liability is in the nature of a surety for the payment of money."

228

The courts of Pennsylvania have held that the personal liability of a stockholder is not in the nature of direct indebtedness to the corporation or its creditors, but rather a collateral liability which may. or may not, occur until the final disposition of the assets, and in this the stockholders are guarantors rather than sureties. (See In Re Schlaudecker's Appeal, 14 Atl. 229; In Re Aultman's Appeal, 98 Pa. 505, at page 515).

Under the Constitution of 1851, the Supreme Court of Ohio, in the case of Hawkins v Furnace Company, 40 Oh St 507, at page 514, held that "superadded liability is in the nature of, if not purely, a suretyship, clearly definable and not at all coincident with the principal obligation."

However, under §3 of Article XIII. of the Constitution adopted in 1912, stockholders in banks are "individually responsible, equally and ratably, and not one for another, for all contracts, debts, and engagements of such corporations, to the exent of the amount of their stock therein."

Such superadded liability is contractual rather than penal and the obligation is primary rather than secondary. (5 Ohio Jur. page 322; Baumgardner v State ex Fulton, 48 Oh Ap 5, 1 O.O. 50, 192 NE 349) (16 Abs 671).

This wording of §3, Article XIII, before its amendment in 1937, follows closely the provisions of the National Banking Act, in so far as it relates to double liability of stockholders of banks.

In reviewing the decision of various state courts, and also the decisions of the federal courts on this question Braver in his work on "Liquidation of Financial Institutions," at page 338, lays down this rule:

"When that liability, however, is fixed within the limits of the statute, it draws interest the same as any other demand until paid, even though the interest on the demand added to the principal exceeds the amount of the statutory liability. Hence a stockholder of an insolvent bank is liable for interest on his double liability from the time demand is made by the banking commissioner upon his own determination at which the fact is ascertained that the assets of the bank are insufficient to pay the debts, and the stockholder's liability is liquidated and becomes due and payable, and by the weight of authority, although the interest may increase his liability beyond the amount fixed by law. The interest comes in the nature of a penalty for delay in prompt payment of the statutory liability on demand."

In reviewing the foregoing cases, §8305 GC, relating to interest and §3, Article XIII of the Constitution as adopted in 1912, the court is of the opinion that the super-added liability of a stockholder in a bank, while primary, is in the nature of a guaranty, because a creditor of the bank cannot proceed against a stockholder direct but must await the action of the superintendent of banks. A guarantor can not be charged with interest on a non-interest bearing obligation until after actual notice to him, and after demand upon him for payment. (Bowler v Garland, 241 O.C.C. (N.S.) 391, at page 399).

On page 32 of 23 Ohio Jurisprudence, we find this comment:
"Ohio has adopted a common law rule that where an obligation to pay money or a specific debt is silent as to interest, it will be computed only from the date when the debtor was put in default."

In the case of Commissioner of Banks v Cosmopolitan Trust Company, 41 A.L.R. 658, it was held that:
"Interest on the amount of the statutory liability of holders of stock in an insolvent trust company begins to run at the time notice is given by the commissioner of banks to the stockholders of the amount to be claimed from each stockholder with demand for payment."

The court is, therefore, of the opinion that a stockholder in an insolvent bank cannot be held for interest on superadded liability on his stock until after actual notice to him of the assessment of superadded liability by the state superintendent of banks and after demand has been made upon him for payment.

In this case, the superintendent of banks made no demand upon the decedent during his lifetime, nor upon the executor of the estate of said decedent during the time allowed by law for the presentation of claims against estates. The first demand that was made was on the application of the state superintendent in filing an application in this court to reinstate the claim under the provisions of §10509-134, GC.

It is, therefore, held that interest should

be allowed from the date the state superintendent of banks filed his application for reinstatement in this court.

It is further ordered that that part of the entry of May 8, 1937, reinstating said claim be modified to read as follows:

"It is, therefore, by the court ordered that said claim in the amount of $29.475 with interest at the rate of 6% per annum from March 30, 1937, be allowed; and it is further ordered that Lawrence H. Oerter as executor of the estate of Plin Vinton, deceased, be and he is hereby directed to pay said claim out of the assets of said estate in his hands as a general claim in the order of priority set forth in §10509-134, GC."

Exceptions noted.