## McNICHOLAS v TEDRICK et

### Ohio Appeals, 4th Dist, Brown Co

#### Decided Nov 18, 1937

Arthur S. Fite, Georgetown, and John H. Houston, Georgetown, for appellee.

Hunsicker, Leis & Hamilton, Cincinnati, for appellants.

### OPINION

By BLOSSER, J.

The plaintiff, John T. McNicholas, archbishop, was a depositor and creditor of the Fayetteville Bank, an unincorporated institution owned by T. A. Connally and John McConn, partners. The bank became involved in financial difficulties and was taken over by the Superintendent of Banks of Ohio, for liquidation. The plaintiff presented his claim to the liquidator and was paid seventy percent of his claim. The liquidator, besides paying the creditors seventy per cent of their claims, was resisting the payment of claims of other creditors and had on hand more than $17,000 in cash. T. A. Connally, one of the partners, died, and the plaintiff filed his petition against the decedent's administrators and John McConn, the other partner, and recovered a judgment in the Court of Common Pleas for thirty per cent of his claim. The case was tried to a jury and the court instructed a verdict for the plaintiff for the amount claimed in the petition. The defendants, by demurrer to the petition and by motion to the court for a directed verdict, raised the question of the legal right of the plaintiff to maintain the action.

The defendants appealed to this court upon questions of law and urge that under the evidence and facts stated in the petition the liquidator is the only person who can maintain an action against the partners individually for the partnership debts of the bank. This question involves a construction of the statutes of Ohio governing the liquidation of banks. §710-95, GC, provides for the powers and duties of the Superintendent of Banks upon taking possession of a bank. In the case of State ex Squire, Supt. of Banks v Steck, 132 Oh .St 198, 5 NE (2d) 919, the Supreme Court held:

"Secs 710-1 and 710-95, GC, taken together, sufficiently empower the Superintendent of Banks in charge of liquidation of an insolvent, unincorporated bank to institute and maintain an action against the owners thereof to enforce their personal liability to the creditors thereof."

The right of the Superintendent of Banks to maintain an action against the partners individually being recognized by the Supreme Court, the next question presented is: Is that right exclusive or has a creditor the additional right to maintain an action? This involves a further construction of the statutes named. The language used in the statutes is mandatory and provides:

"The Superintendent of Banks * * * shall have, exercise and discharge the following powers, authority and duty * * *:

"1. To collect all money due to such bank. * * *

"7. To institute and maintain against the directors, officers or employees of such bank, or any of them, any suit or action which such bank, its shareholders or creditors might institute and maintain."

The word "directors" as here used, when taken in connection with §710-1, GC, of the Banking Act, includes and means the owners of a bank. This was a construction of the statutes by the Supreme Court in the case of State ex Squire, Supt. of Banks, v Steck, supra.

In the enactment of the Banking Code the Legislature intended to provide a comprehensive method of liquidating all insolv-

ent banks. The court said in State ex Squire, Supt. of Banks, v Steck, supra:

"One of the principal objects of the Ohio Banking Act §(710-1 to 714, GC) is to provide for the complete liquidation of all types of banks enumerated therein, upon insolvency, under the exclusive supervision and control of the Superintendent of Banks."

While it is recognized at common law that the individual partners were liable for the payment of partnership debts, yet where the Legislature has provided a remedy, as it has in this case, and provided for the mandatory duties on the part of the liquidator in collecting all money on behalf of the creditors, that remedy is exclusive. As was stated in the opinion in State ex Squire, Supt. of Banks v Steck, Supra:

"Such interpretation is in furtherance of sound public policy, placing the entire business in the hands of the superintendent where it belongs. It allows the superintendent to wind up completely the affairs of an insolvent unincorporated bank, instead of compelling him to leave the job half finished. It avoids the undesirable complication of a multiplicity of suits against the individual owners or partners by the unsatisfied creditors of a bank, and it has the desirable tendency of placing the depositors in such a bank on a par with the depositors in an incorporated bank."

It is in evidence that the liquidator, with the assets in his possession, may be able to pay an additional dividend of twenty-eight per cent to the creditors. There is no allegation in the petition that the liquidator has been requested by the plaintiff or that he has refused or neglected to bring an action against the partners. To lay down a rule that would permit the plaintiff to maintain this action would amount to an invitation to all of the creditors to institute similar actions against the partners. This multiplicity of suits would be intolerable and would tend to confusion and chaos. Until a liquidator completes his duties there is no way of ascertaining the amount that will remain unpaid to the creditors and therefore it could not be ascertained at the time of the trial the amount which the plaintiff should recover. Analogous cases are **Feldman v Standard Trust Bank of Cleveland, 46 Oh Ap 67 (15 Abs 1), 187 NE 743, Fulton Supt. of Banks, v Wetzel, 47 Oh Ap 72, 190 NE 776, Nutt v State ex Fulton, Supt. of**

Banks, 53 **Oh Ap** 492 (22 **Abs** 554), 5 NE (2d) 708.

The plaintiff is deprived of no right, for the liquidator is acting for him as well as for the other creditors in winding up all the affairs of the bank.

For the reasons stated the plaintiff has not the legal capacity to maintain this action and the trial court erred in overruling the demurrer to the petition and in directing a verdict for the plaintiff. The judgment of the trial court is reversed and this court, proceeding to render the judgment that the trial court should have rendered, enters final judgment in favor of the defendants.

Judgment reversed.

McCURDY, PJ, and GILLEN, J, concur.