COLUMBIAN BLDG & LOAN CO,
LIQUIDATION OF, In Re

Ohio Appeals, 2nd Dist, Franklin Co

Nos 2540 & 2543.  Decided May 21, 1935

John W. Bricker, Attorney General, Columbus, by Paul L. Selby, Special Counsel, Columbus, for State Building and Loan Associations.

B. F. Levinson, Columbus, for Estel O. Gifford, Guardian, etc.

**OPINION**

By THE COURT

It is obvious that the court viewed the proceeding as one in chancery. This conclusion would have support if the proceeding was predicated upon §687-2, GC, or was an action recognized in chancery practice. If the court had considered the application of Mr. Levinson and had fixed or denied a fee after consideration, it would have been upon the basis that Mr. Levinson had rendered services, the effect of which was to benefit those who were entitled to the fund, i.e., the assets of the Columbian. If, then, Mr. Levinson's client had any standing in the trial court as an intervenor, the determination of his rights would have invoked action on the chancery side of the court, and if the court has made final order against him, he would have the right to prosecute his proceeding in this court as on appeal. The order, if made with authority, was final and determinative of any rights which Mr. Levinson or his client had in the proceeding because it denied them any right to that which they sought. But it is urged that this court has no jurisdiction over the Superintendent of Building and Loan Associations, and that the trial court had no jurisdiction for the purposes which were under consideration on Mr. Levinson's application.

The motions require a consideration and construction of §687-9 GC, in conjunction with the pleadings and the record. The statute, a part of the prescribed procedure to be followed by the Superintendent of Building & Loan Associations, after having taken possession of the business and property of a Building and Loan Association for the purposes of liquidation, particularly relates to the disposition of the assets. The section is extended and provides in part the manner, method and procedure to be observed and followed by the Superintendent in selling or disposing of the assets of the Building & Loan Association in liquidation.

The pertinent part of the section provides:

"At the hearing on any such application, any shareholder, depositor, or creditor of such association shall have the right to appear and be heard thereon. No order of the Common Pleas Court or judge thereof, entered pursuant to this section, shall be deemed a final order; but by leave of court an independent suit may be brought, not later than ten days after such order is

entered, by any such person deeming himself aggrieved thereby, to restrain any action thereby authorized * * *."

Clearly the procedure outlined by the section is special legislation which, if valid and constitutional, must be strictly followed. The action of the Superintendent in presenting the plan of reorganization to the court was presented by virtue of the section. The court permitted the intervention of Mr. Levinson's client, E. O. Gifford, as guardian, etc., as a party and gave him leave to plead, which was done by an intervening petition. It is claimed by Mr. Levinson that such procedure is contemplated by the statute and any other would be inadequate and unauthorized.

The statute, in our judgment, does not have for its purpose the making of parties to the action in adverse relationship, nor the filing of pleadings as contemplated by the code. It accords only to a shareholder, depositor or creditor the right to appear and be heard in some manner other than by the raising of an issue in the form of pleadings. This conclusion is heightened by reason of the further language of the statute, which says that "no order of the Common Pleas Court or judge thereof entered pursuant to this section shall be deemed a final order" for ten days after made.

The determination of an issue raised by pleadings will, in all probability, be a final order or judgment, the very thing that the statute opposes. Then, too, there is set up specifically a form of procedure in the nature of an independent suit, which must be brought within ten days after the court has made determination upon the application of the Superintendent of Building and Loan Associations, in which any person deeming himself aggrieved by the action of the court may be a party plaintiff to restrain the action theretofore authorized by the court.

We are unable to support the theory of appellant that his client was a proper party and that the court was authorized to permit him to intervene by pleading.

It is urged that a construction remanding a party who is aggrieved by the order of the court to the sole remedy of injunction is unconstitutional in that it denies to such person due process of law. The procedure outlined by the statute does not place upon a person aggrieved an undue burden because it expressly provides that the determination of the court respecting the application to sell the assets of the institution in liquidation shall not be a final order and thus it does not have the standing at law of a judgment. The only burden upon an aggrieved person who chooses to institute his action under the statute will be merely a preponderance of the evidence. If the statute is constitutional and we see no reason to doubt it, then in terms it is expressly provided that the action of the court upon the application of the Superintendent of Building and Loan Associations is not for ten days after made a final order. In the terms of the statute "no order of the Common Pleas Court or judge thereof entered pursuant to this section shall be termed a final order." (Emphasis ours).

We would do violence to this explicit language if we held that the determination of the trial court respecting the application of the appellant and plaintiff in error for fees was a final order and without such neither appeal nor error lies.

We recognize the strength of the position of Mr. Levinson touching the value of his services if he could sustain by proof the position that he asserts in this court. If the action below were in chancery and not limited by provisions of the statute, we would be disposed to say that the court should have heard appellant touching the result of his activity as counsel for the guardian and the value of his services. But as the whole matter proceeded under specific authority of the statute and as it does not contemplate parties adverse to the Superintendent of Building and Loan Associations nor pleadings under our civil code. nor a final order or judgment as of the time when the determination under consideration here was made, the trial court was without authority to fix a fee for the services rendered, no matter how valuable they may have been.

We have disposed of the proceedings upon the questions presented by the motions because there is no necessity of putting counsel to the obligation of further hearing on error or appeal when nothing of advantage thereby could result to Mr. Levinson, either on appeal or error.

The motions to dismiss the appeal and the proceedings in error will be sustained.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.