**AMERICAN LOAN & SAVINGS ASSN, LIQUIDATION OF, In Re, KELSEY et v KROEGER et (7 cases)**

Ohio Appeals, 2nd Dist, Montgomery Co

Error Nos 1363, 1359, 1364, 1362, 1342, 1360 & 1361

Appeal Nos. 1351, 1350, 1348, 1352, 1349, 1347 & 1353

Decided Jan 30, 1936

Gilbert Bettman, Cincinnati, Raymond S. Powers, Akron, Edward J. Feil, Cincinnati, and McConnaughey, Demann & McConnaughey, Dayton, for plaintiffs in error.

Charles S. Jones, Asst. Atty. Gen., Cincinnati, Herbert D. Mills, Dayton, Harry P. Jeffrey, Dayton, Wellmore B. Turner, Dayton, Louis H. Mattern, Dayton, and George J. Donson, Dayton, for defendants in error.

## OPINION

### By THE COURT

These several actions are proceedings in error and appeal from the judgment of the Court of Common Pleas of Montgomery County. In the court below on motion there was stricken from the files application for allowance of counsel fees and expenses to Gilbert Bettman and his associates for legal services in resisting the application of the Superintendent of Building and Loan Associations of Ohio to borrow approximately $20,000,000.00 and to pledge therefor to the Reconstruction Finance Corporation the assets of said Association.

The claim for fees was predicated upon the claim that the application to borrow was successfully resisted and that the Common Pleas Judges of Montgomery County, Ohio, sitting en banc, after hearing, denied the application.

Hon. Gilbert Bettman and his associates appeared in the hearings, which consumed several weeks, or possibly months, on behalf of stockholders of the several building and loan associations.

The claim was further made that all stockholders, whether directly participating in resisting application for loan or not, are at this time equally benefited and that the court should make an order to counsel for fees payable out of the fund.

On motion of counsel for the Superintendent or the Association the application for allowance of attorney fees was stricken on the ground that the court did not have jurisdiction to consider or allow such fees.

This conclusion and finding of the court is based entirely on the decision of this court on a similar question submitted in Franklin County, Ohio, being Nos. 2540-2543, entitled "In the Matter of the Liquidation of The Columbian Building and Loan Company, Columbus, Ohio" (21 Abs 35). The decision was rendered on May 21, 1935. Benjamin F. Levinson represented some stockholders of The Columbian Building and Loan Company of Columbus, Ohio, in resisting an application for reorganization under the provisions of §687-9 GC. The pertinent part of this section reads as follows:

"At the hearing on any such application any shareholder, depositor or creditor of such association shall have the right to appear and be heard thereon. No order of the Common Pleas Court or Judge thereof, entered pursuant to this section shall be deemed a final order; but by leave of court an independent suit may be brought not later than ten days after such order is entered, by any such person deeming himself aggrieved thereby to restrain any action thereby authorized. * * *"

It is urged that the instant case is to be distinguished in its facts from the Levinson case, and further that even if the announcement in the Levinson case is applicable this court should reverse its former decision.

We have examined the entire record as presented, together with the very able and comprehensive briefs of counsel.

It is our conclusion that the differentiation in facts is not such as to take the instant case without the announcement in the Levinson case. We have given our pronouncement further consideration in the light of the argument and authority cited. We still adhere to our former conclusion.

No useful purpose can be served in a lengthy or extended opinion. The line of demarkation between the two theories is very clean cut and all depends upon the conclusion finally reached.

The several petitions in error and appeals will be dismissed.

BARNES, PJ, HORNBECK and BODEY, JJ, concur.