## SQUIRE v HOFFMAN

Ohio Appeals, 2nd Dist, Montgomery Co

No 1369.   Decided Feb 26, 1936

John W. Bricker, Attorney General, Columbus, Hubert A. Estabrook, Special Counsel, Dayton, and Rowland H. McKee, Dayton, for plaintiff in error.

Heald, Zimmerman, Clark & Machle, Dayton, for defendant in error.

## OPINION

By BODEY, J.

The evidence shows that this was simply an ordinary deposit of money secured by collateral. In other words, it was a pledge. There was no specific contract of bailment. It was the right of a holder of this collateral, after the maturity of the debt which it secured, to sell the same after giving notice to the defendant. 32 O. Jur. p. 44, §34. This he could have done without the stipulation of February 1, 1935. It was a right which inured to him under the law. Accordingly, it not being necessary to enter into the stipulation, it was unnecessary to engage the services of an attorney in the preparation of the same. The other service rendered by his counsel consisted solely of conferences in connection with the market offered for the collateral then held, and advice finally to sell the securities. It is the theory of plaintiff that he is entitled to pay his attorney for these services from the surplus remaining after the discharge of the bank's indebtedness to him for the reason that the services were necessary to prevent a deficit in the account. The general rule is stated in 49 C. J. 944, §90, as follows:

"The pledgee is entitled to reimbursement for all expenses reasonably incurred by him in keeping and caring for the property pledged, such as reasonable expenses incurred in connection with the physical preservation and care of the property, pro-

tecting it against liens, or in the payment of taxes, assessments, and insurance premiums. **But there can be no recovery on this theory for expenses not reasonably incurred in the care and preservation of the pledged property.**" (Emphasis ours).

A similar rule is announced in 40 A.L.R., 259. where the cases are collected. We quote from that authority:

"The right of the pledgee to reimbursement of reasonable expenses necessarily incurred is supported by numerous cases, **as to legal expenses and attorney fees involved in protecting the title to or in collecting collateral.**" (Emphasis ours).

The cases cited support the text. Among the citations are those contained in plaintiff's brief. An examination of these cases will not disclose that the rule extends beyond the payment of legal expenses or attorney fees in connection with the preservation of the property pledged, the protection of the title thereto, or the collection of the collateral.

We are mindful that "the laborer is worthy of his hire." We hold to the particular view that an attorney should always be paid for his services if the law permits. Yet, we may not depart from the general rule authorizing payment for services in a case such as this. In our opinion, the services of Heald, Zimmerman, Clark & Machle were valuable to plaintiff. Due to their advice, the plaintiff maintained his equilibrium and held his collateral until such time as it was worth enough on the market to pay his deposit and permit him to account in full to his successor in office without any loss to himself. We may not say, however, that this advice given, was necessary for the protection of his title to the collateral, for its preservation, or for its collection. His title was good, the securities were in his hands, and they could have been collected at any time if plaintiff had chosen to sell on the market.

We have heretofore stated that in our judgment the drawing of the stipulation of February 1, 1935, added nothing to the existing rights of plaintiff in this collateral. If that be an erroneous conclusion, we might add that the preparation and filing of this stipulation were of benefit to plaintiff rather than to defendant. All of the actions taken by plaintiff under the advice of his counsel benefitted him far more than the defendant. The plaintiff was not authorized by the statutes of Ohio to make the deposit in the first instance. **Busher,**

**Clerk v Fulton, Supt. of Banks, 128 Oh St,** 485. Consequently, if a loss ensued, it was plaintiff's loss. In the end, it may be said that the procedure adopted was to the advantage of plaintiff rather than to that of defendant.

Because of our determination of this cause upon the one question which we have discussed it would not be necessary for us to give attention to the other claim of counsel for plaintiff in error that inasmuch as the bank was in liquidation at the time of the sale of the pledged property and under the supervision of the Superintendent of Banks no allowance could be made to the attorneys for Mr. Hoffman inasmuch as they were not of counsel for the Superintendent of Banks. We are cited to **State ex Bettman v Court of Common Pleas, 124 Oh St, 269; Feldman v Standard Bank of Cleveland, 46 Oh Ap, 67, (15 Abs 1)** and others and particularly, seven cases in Montgomery County decided by the Common Pleas Judges in banc, the title of the first case being **The American Loan and Savings Assn., No. 77468 (21 Abs 374).** To these we might append the decision of this court in the case of **In Re Liquidation of the Columbian Bldg. & Loan Co., Nos. 2540-2543, Franklin County, May 21, 1935, (21 Abs 35);** all of which cases go to the proposition that in the special proceedings outlined by statute relative to liquidation of banks under the Eikenberry Law, it is not contemplated that the court shall allow attorneys' fees to others than the special counsel appointed in the liquidation. Suffice to say that in this case the right of Hoffman to recover his expenses incurred in the collection of the pledged collateral arose at the time of the making of the pledge, and it would not be affected by the subsequent proceedings whereby the bank was caused to go into liquidation. If Hoffman's rights as a pledgee were broad enough to contemplate reimbursement for his expenditures incident to realizing upon the pledged property in the form of attorneys' fees, he would be protected in that right.

In our view of the case, the attorney fees are not chargeable against the defendant. The application for allowance of such fees should have been denied. In granting the application and allowing fees the lower court committed prejudicial error. The judgment is contrary to law. The case is reversed and remanded. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.