**DENNICK, Admr., Plaintiff-Appellant, v. THE MIAMI SAVINGS & LOAN COMPANY, Defendant-Appellee, DENNICK, substituted, Plaintiff-Appellant.**

Ohio Appeals, Second District, Montgomery County.

No. 1779. Decided February 14, 1944.

A. K. Meck, Dayton, for plaintiff-appellant.
Mason Douglass, Dayton, for defendant-appellee.

**OPINION**

By GEIGER, J.

This matter is before this Court on appeal from a judgment of the Common Pleas Court of Montgomery County, Ohio. We will state the issues as briefly as possible, considering the rather complicated situation disclosed.

The petition recites the appointment of the plaintiff as Administrator and alleges the corporate existence of the defendant and states that on April 18, 1933, the defendant, The Miami Savings & Loan Company proceeded to liquidate its business and since then, it has been in the process of liquidation; that prior to May 30, 1930, Jeannette C. Dennick, plaintiff's decedent, was the owner of three certificates in The Buckeye Building and Loan Association, totaling $13,300, and the estate of her husband was the owner of one certificate in the same association in the sum of $500.00; that on May 30, 1930, the defendant Association purchased the assets of the Buckeye Building and Loan Association, and as a part of said purchase price, the defendant agreed to pay Jeannette C. Dennick $13,300.00 and to pay the estate of her husband $500.00, but that no part thereof has been paid; that on April 18, 1933, the total amount due on said certificates was $15,427, less the sum of $7920.00 which said parties owed the Association, leaving a net balance on said four certificates of $7507.00; that the defendant was willing to issue to the plaintiff a certificate of indebtedness for the amount due on said four certificates, less $2314.00, which defendant desired to hold until the outcome of a suit between it and C. D. Smith. Plaintiff accepted the offer of a certificate of indebtedness for $475.00 due the estate of her husband and for $12,638, the amount plaintiff and defendant erroneously agreed to be the indebtedness due Jeannette C. Dennick; less the part thereof held in abeyance. This error was later corrected and

the $12,638 certificate of indebtedness was cancelled and a certificate of indebtedness in the sum of $4718.00 was issued, leaving a balance in abeyance of $2314.00.

The law suit with C. D. Smith was determined in 1942, and since said determination, plaintiff has presented his claim to the defendant in the sum of $2314, for balance which was thus held in abeyance on the four certificates, and requested defendant to approve it and to issue a certificate of indebtedness therefor, and to pay defendant thereon such amount as has been paid to other certificate holders.

An amended answer was filed by the defendant, admitting certain allegations, and stating that the amount withheld was withheld by order of the court, and for a second defense, it is alleged that in the Smith case, the court determined that the plaintiff's amount as indicated in his petition should be set up and charged on the books of the company in accordance with the decision of the court, and the answer sets out the entry and order of the court, and for a further answer the defendant alleges that the decision of the court was reviewed and affirmed by courts of review; that Smith and the plaintiffs were stockholders in the Buckeye Building & Loan Association at the time of the purchase of the assets of the Buckeye. It is asserted that the Court held that said Smith and approximately 1400 other persons, including the plaintiff constituted a class and, that the relief sought was granted to the individuals constituting said class. Defendant alleges that all matters set forth in plaintiff's petition have been adjudicated as indicated in the courts of competent jurisdiction. Defendant asks to be dismissed.

As a reply, plaintiff makes certain admissions and asserts that the proceedings in the Smith case were not binding upon this plaintiff, and that the effect of such decision is to take from this plaintiff part of his property without due process of law; that the Court did not have jurisdiction of the plaintiff or his claim; that the attorneys for Smith had plaintiff's claim allowed for more than the amount of plaintiff's claim, and that the court ordered 15% of each creditor's claim taken away from the creditor and given to the attorneys, and therefore the court ordered $2314 taken away from plaintiff, whereas this plaintiff only had a claim of $7507, 15% of which is $1126.00 and not $2314.00, and this plaintiff has received a certificate for only $4718.00 and the attorneys who were not employed by the plaintiff, and in no way represented him, received a certificate of $2314.00 out of plaintiff's claim of $7507.00; that the entire proceeding was void as to the plain-

tiff, and an attempt to take his property without due process of law.

On motion two cases were consolidated.

A motion was made orally for judgment on the pleadings, and on April 25, 1943, an entry is filed stating that the cause coming on to be heard before the court upon the motion for judgment on the pleadings, the court considered that the pleadings do not contain a valid cause of action and finds the motion well taken, and the court sustains the same and orders that judgment be entered for the defendant and the petition of the plaintiff dismissed.

It does not often occur that we find a single case from which we can arrive at the conclusion as to judgment of the Court below. However, we find the case of **Smith, Appellee v Kroeger, Supt., 138 Oh St 508,** has so clearly stated the position of the Supreme Court that we are able to adopt that case as our guide in holding that the Court below was not in error in sustaining the motion for judgment on the pleadings under the date of April 25, 1943. It would be useless for us to recite the provisions of that case as it must be read in its entirety in connection with the pleadings as we have set them out.

Judgment of the Court below affirmed.

HORNBECK, J., concurs.

BARNES, P. J., concurs in the opinion, with a few added facts:

Plaintiff's decedents were original stockholders in the Buckeye Building & Loan Assn. of Dayton, Ohio. The Miami Savings & Loan Company of Dayton, Ohio, purchased the assets of the Buckeye. In the written contract of purchase it agreed to pay the stockholders of record the face value of their stock.

The Miami performed this provision of the contract by making a book transaction through which the old Buckeye stockholders were listed as Miami stockholders. A few years later the Miami was ordered placed in liquidation.

Dr. Smith, as an original holder of stock in the Buckeye which had been transferred for stock in the Miami, brought an action on behalf of himself and all others similarly situated asking a court of equity to set aside the book transactions listing the stockholders of Miami and declaring that the old Buckeye stockholders be declared creditors by virtue of the original contract and sale of Buckeye assets to the Miami.

Smith's contention was sustained by the Common Pleas Court and was affirmed in the Court of Appeals and Supreme Court. Until the action of the Common Pleas Court the plaintiff's decedents held the position of stockholders of the Miami. Through the judgment in the Smith case paintiff's decedents had the opportunity of taking advantage of the judgment and becoming creditors. In the same judgment entry the Common Pleas Court determined that the Smith case was a class suit and made an allowance of attorney fees payable by all persons who had their status changed from a stockholder to a creditor. It was directed that the Miami issue certificates of claim to all persons entitled thereto with a deduction of 15% from the face value and the total of all such deductions was then made the basis for the issuing of a certificate of claim to the attorneys for their services in the class suit. It was only after the plaintiff's decedents availed themselves of the class suit judgment that they had any claim against the Miami. Their position of stockholders was a liability. When the certificate of claim was issued they held valuable assets.

The action of the Court in the instant case was perfectly proper in determining that plaintiff as successor of his decedents had no right to have an order giving any relief for the withholding of the 15% at the time the certificate of claim was issued.

The fact that plaintiff's decedents were indebted to the Miami Savings & Loan Company in the sum of $7920.00 would have no bearing whatever on the question of the basis for the 15% calculation. It was perfectly proper that the 15% be deducted from the total amount. Counsel for plaintiff seems to think that the $7920.00 should have been deducted. We can not agree with this contention. Keeping in mind that plaintiff's decedents have no claim whatever but were stockholders until the time that a court of equity changed their status from that of a stockholder to a creditor. The next question was, creditor for what amount. The amount was the face value of their stockholdings in the Buckeye plus interest. The amount of this claim was subject to attorney's charges for making it available. The net amount would then constitute the claim of the plaintiff's decedents. In settling the claim it was agreed that plaintiff's obligation to the Miami would be deducted. This was done and certificate of claim issued for the balance.