**KELSEY, Plaintiff-Appellant, v. WAGNER, and AMERICAN LOAN & SAVINGS ASSOCIATION, Defendants-Appellees**

Ohio Appeals, Second District, Montgomery County.

No. 1907. Decided January 23, 1947.

Harshman & Young, Dayton, Mason Douglas, Dayton, Morgan, Powers & Cooper, Youngstown, Gilbert Bettman, Jr., and Magrish & Magrish, Cincinnati, for plaintiff-appellant.

Hugh S. Jenkins, Atty. Gen. Columbus, Philip R. Becker, Special Counsel for Supt. of Building and Loan Assns. of Ohio, Dayton, for defendants-appellees.

## OPINION

By THE COURT:

This is an appeal on questions of law from a judgment dismissing plaintiff's second amended petition after the trial judge had sustained defendant's demurrer to plaintiff's second amended petition and plaintiff elected to plead no further. The plaintiff's second amended petition consists of four causes of action.

There were four grounds of the demurrer each directed to all causes of action of the second amended petition—

1. Plaintiff's want of capacity to sue.

2. The court has no jurisdiction of the person of the defendants.

3. The court has no jurisdiction of the subject matter of the action.

4. The second amended petition does not state facts which show a cause of action.

The trial judge sustained all branches of the demurrer to each cause of action of the second amended petition. Ten errors are assigned, each of which is argued at length. Counsel have provided very extensive briefs and have discussed every legal aspect of the case brought on to the record by the assignments of error. We are also provided with the opinion of Judge Martin in the trial court which recites all of the operative facts as plead and considers all of the questions of law raised by the demurrer. It would serve no good purpose and add nothing to the literature of this cause for us to re-state how the questions arose and in detail to take up and discuss each separate assignment of error as it relates to each cause of action.

The determinative question in this case is whether or not the plaintiff has in any of his four numbered causes of action stated a case. If he has, then the other questions of jurisdiction and capacity of the plaintiff to sue would have to be considered at length.

Without respect to the form of the four causes of action, it is common to all of them that recovery is sought for detailed, extensive, valuable and successful services performed under 687-9 GC. In two of the causes of action it is so pleaded specifically. In the other two it manifestly appears.

There is no direct authorization in the Eikenbary Act for payment to counsel for the services here performed. Is there any implied authority for such payment? If there is not, then the form of action, whether legal or equitable, whether a class suit, whether a fund was protected or preserved, whether the principle of equitable contribution is properly presented, is without controlling consequence.

The purpose, scope and effect of the Eikenbary Act is clearly defined in **Slocum v The Mutual Building Investment Co., et al,** and **The Mutual Building and Investment Co., et al, v Irvin, 130 Oh St 312,** wherein it was said in the first syllabus:

"By the enactment of §§687 to 687-24 GC, the State has exercised its power **to preempt the field in providing a specific, adequate, exclusive and constitutional method of procedure for the dissolution of building and loan associations and the liquidation of their assets.**"

(Emphasis ours.)

The Court could not have been more explicit in indicating not only that the procedure set out in the designated sections was specific but also that it was exclusive and constitutional, and further by its terms preempted the field as to the liquidation of building and loan associations.

In the light of the definite pronouncement of the Supreme Court in the Slocum and Irvin cases, no proceeding may accomplish that which is not in contemplation of or included in the specific provisions of the Eikenbary Act.

In harmony with the Slocum and Irvin cases, supra, we have in two instances searched the Act and particularly the applicable sections thereof to determine the answer to the question there presented, which answer in our judgment likewise determines if plaintiff has stated a cause of action in his second amended petition.

This Court has twice held that counsel who appear for stockholders on application instituted by the Superintendent of Building and Loan Associations under 687-9 GC, may not have remuneration for such services performed out of the assets of the Association in liquidation.

In **Columbian Bldg. & Loan Co., Liquidation of, In re, 21 Abs. 35,** although the record was meager, it was clear that Mr. Levinson claimed that upon a plan of reorganization proposed in the liquidation of the Columbian Bldg. & Loan Co. he had performed services as legal counsel for his client as a result of which the proposed plan of reorganization was refused. His claim was filed as an intervening petition in the liquidation

proceedings. The trial judge dismissed Mr. Levinson's application and refused him opportunity to offer evidence in support of his claim. In passing on the appeal we said among other things:

"The statute 687-9 GC, in our judgment, does not have for its purpose the making of parties to the action in adverse relationship, nor the filing of pleadings as contemplated by the code. It accords only to a shareholder, depositor or creditor the right to appear and be heard in some manner other than by the raising of an issue in the form of pleadings. This conclusion is heightened by reason of the further language of the statute, which says that 'no order of the Common Pleas Court or judge thereof entered pursuant to this section shall be deemed a final order' * * *"

Further at page 37 of the opinion we say:

"If the action below were in chancery and not limited by provisions of the statute, we would be disposed to say that the court should have heard appellant touching the result of his activity as counsel for the guardian and the value of his services. But as the whole matter proceeded under specific authority of the statute and as it does not contemplate parties adverse to the Superintendent of Building and Loan Associations nor pleadings under our civil code nor a final order or judgment as of the time when the determination under consideration here was made, the trial court was without authority to fix a fee for the services rendered, no matter how valuable they may have been."

(Emphasis ours.)

Later, upon the identical facts and parties as in the instant cause in **American Loan & Savings Association, Liquidation of, In Re, Kelsey, et al. v Kroeger, et al.,** (7 cases) **21 Abs. 374,** the following headnote appears:

"The Common Pleas Court has no authority (either at law or in equity) to allow attorneys' fees for services rendered by attorneys in successfully resisting the application of the Superintendent of Building and Loan Associations for a loan from the Reconstruction Finance Corporation and the pledging of the assets of such associations, in liquidation or reorganization proceedings."

That part of the headnote in brackets is not found in the reported opinion but it could well have been included, upon the viewpoint of this Court as expressed in the decision.

. The appeals in these cases were dismissed in the Supreme Court of Ohio in 131 Oh St 330. In these cases, as here, it was urged that the services in behalf of plaintiff were for the benefit of all the stockholders of the associations in liquidation, and that the Court should make an order for the payment of counsel fees out of the fund. The decisive question in the trial court and on appeal was raised by a motion of counsel for the Superintendent of the association to refuse the application because the Court did not have jurisdiction to consider or allow such fees. (Emphasis ours) It was our theory then and is now, that the only procedure available to the shareholders, whom counsel for the plaintiff represented in the hearing at the juncture at which they appeared, was that set out in 687-9 GC, that the provisions of said section were comprehensive, complete and exclusive and subject to the limitations which we had defined in the Levinson case, and that it did not contemplate any award of counsel fees out of the assets of the association for services rendered in that proceeding. If such result could not be accomplished by application to the Common Pleas Court in the proceedings under 687-9, GC, it could not be brought about by a separate suit. If the court had authority to allow the compensation, it could apply such legal or equitable principles as would be required to accord the remedy. The barrier to recovery in this case was not technical nor because of the form of the action, but based upon the terms of the statute.

But it is urged with much force that the trial court did not make distinction, nor can distinction be made, between the instant cause and the right to the judgments in Smith v Kroeger, Supt. of Bldg. & Loan Assns., et al., 138 Oh St 508, Dennick, Admr. v Miami Savings & Loan Co., 44 Abs. 586, and Pickrel, Schaeffer & Ebeling v Merion, Supt. etc., et al., 66 N. E. (2d) 273. In Smith v Kroegor, Supt., etc., et al., it was held that the suit was a class suit and that the action taken by the trial court and approved in the appellate court was within the powers of a court of equity. This suit was a separate proceeding on the chancery side of the court in which the Superintendent of Building and Loan Associations and the Miami Savings and Loan Co. were adverse parties, in which proceeding it was held that the books of the Miami should be reformed and that former stockholders of the Buckeye should be classified as creditors of the Miami all adverse to the claim of defendants and as a result of such court order approximately

1600 persons situated similarly to the plaintiff had their status changed to their pecuniary advantage in a sum that was capable of specific calculation.

Dennick, Admr. v Miami Savings & Loan Co., supra, was enough like Smith v Kroeger to permit this Court to decide it upon the strength of the judgment in the latter case. The Supreme Court dismissed the appeal from this judgment as of right sua sponte. **143 Oh St 490.** The appeal to the United States Supreme Court was dismissed for want of a substantial federal question, 323 U. S. 667, rehearing denied, 323 U. S. 813.

In Pickrel, Schaeffer & Eberling v Merion, Supt., supra, the Mutual Home and Savings Association was in process of liquidation pursuant to the provisions of §687-21 GC. There was a Deputy Superintendent of Building and Loan Associations assigned to the Association and Board of Directors of nine members. The Superintendent of Building and Loan Associations took over the business assets and affairs of the company by virtue of §687-21 GC, claiming that the liquidation was being improperly conducted and that their interests therein were not being properly protected. The Board of Directors upon specific statutory authorization, §687-21 GC resisted the action of the Superintendent in an adverse civil action, §687-22 GC, and in conjunction with this authorized procedure the plaintiffs represented the Board of Directors as legal counsel. The rationale of the opinion is that from the specific authority granted to the Board of Directors to resist the action of the Superintendent, there was implied authority for it to employ counsel and to pay counsel from the funds of the association in liquidation.

Manifestly, all of these cases were, from their inception, adversary in character, and proceeded either upon well recognized general equitable principles against which there was no statutory inhibition or under specific or implied statutory authority of the liquidation statutes.

We shall not discuss the numerous other questions presented on this appeal but be satisfied to affirm the judgment on the execellent, well considered and learned opinion of Judge Martin wherein is considered the determinative questions presented on this appeal. We find no error in this record to the prejudice of plaintiff's cause.

The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.

No. 1907. Decided February 19, 1947.

**OPINION**

By THE COURT:

Appellant submits application for rehearing, consisting of nineteen paragraphs.

We regret that we cannot accede to the construction of the cited cases insisted upon by counsel. We have fully and carefully and to the best of our ability considered and discussed all controlling legal aspects of this appeal in our original opinion and no good purpose would be subserved by further discussion.

The application will be denied.

WISEMAN, PJ, MILLER and HORNBECK, JJ, concur.

Harshman & Young, Dayton, Raymond S. Powers, Youngstown, Gilbert Bettman, Jr., and Messrs. Magrish & Magrish, Cincinnati, and Mason Douglas, Dayton, for plaintiff-appellant.

Hugh S. Jenkins, Atty. Gen. Columbus, Philip R. Becker, Special Counsel for Supt. of Building and Loan Assns. of Ohio, Dayton, for defendants-appellees.